IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS ANTHONY MAYO )
)
v. ) NO. 3-10-0997
) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Second Amended Complaint (Docket No. 25). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

This case, filed under the Federal Tort Claims Act ("FTCA"), arises from certain actions and failures to act by employees at the Alvin C. York Veterans Administration Medical Facility in Murfreesboro, Tennessee ("York Facility").

Plaintiff alleges that he underwent a colonoscopy procedure at the York Facility on November 16, 2006. Plaintiff claims that in February of 2009, he received a form letter from Defendant, warning of his possible exposure, during his colonoscopy, to small amounts of bodily fluid remaining from the previous patient's procedure. Plaintiff asserts that this exposure was caused by Defendant's use of an incorrect valve during the procedure, which allegedly caused tubing attached to the scope to be unclean. Plaintiff avers that Defendant's action and failures to act caused him to be contaminated with bodily fluids from other veterans who had the same procedure earlier and that he has, as a result, developed hepatitis.

Plaintiff's Second Amended Complaint (Docket No. 37) alleges causes of action for negligent infliction of emotional distress, ordinary negligence, *res ipsa loquitur*, lack of informed consent and medical malpractice.

Defendant's Motion to Dismiss argues that Plaintiff's claims, no matter how they are characterized by Plaintiff, sound in medical malpractice and are, therefore, governed by Tennessee's Medical Malpractice Act ("TMMA"). Defendant contends that, pursuant to the TMMA, Plaintiff's claims are barred by the three-year statute of repose and by Plaintiff's failure to include a Certificate of Good Faith as required by the statute.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## FEDERAL TORTS CLAIMS ACT

The FTCA confers exclusive jurisdiction to the district courts over claims against the United States for money damages for injury, loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act of omission occurred. 28 U.S.C. § 1346(b)(1). In this case, that law is the substantive law of the State of Tennessee.

## TENNESSEE MEDICAL MALPRACTICE ACT

The TMMA requires, among other things, that in any medical malpractice action in which expert testimony is required, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. Tenn. Code Ann. § 29-26-122(a). If the certificate is not filed with the complaint, the complaint shall be dismissed, absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested or demonstrated extraordinary cause. *Id.*

The first task of the Court will be to determine whether the Plaintiff's claims are based upon ordinary negligence, medical malpractice or both. Then, for any claims which sound in medical malpractice, the Court must determine whether those claims fall within any exception to the certificate of good faith requirement.

Because medical malpractice is a category of negligence, the distinction between medical malpractice and negligence claims is subtle. There is no rigid analytical line separating the two causes of action. *Estate of French v. Stratford House*, 333 S.W. 3d 546, 555 (Tenn. 2011). The

Tennessee Supreme Court has stated that the distinguishing feature between ordinary negligence and medical malpractice cases is whether a plaintiff's claim is for injuries resulting from negligent medical treatment. *Id*. Agreeing with a New York standard, the court stated:

> [W]hen a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable. Conversely, when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply.

*Id.*

Not all cases involving health or medical care automatically qualify as medical malpractice claims. *Id*. at 556. The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience of the trier of fact. *Id*. The designations given to the claims by the plaintiff or defendant are not determinative, and a single complaint may be founded upon both ordinary negligence principles and the medical malpractice statute. *Id*.[1]

Plaintiff's Second Amended Complaint alleges that Defendant's employees failed to follow the required procedures for administration of the endoscopy procedure and failed to properly clean and reprocess the colonoscopy equipment, thereby causing his injury. Plaintiff also contends that Defendant's employees negligently replaced a one-way valve in the endoscopic tubing with a two-way valve which allowed waste, blood and bodily fluids to flow back into or re-enter the tubing.

---

[1] In *French*, the court found a claim that the plan of treatment for the decedent fell short of the defendant's duty of care to its patient, thereby causing her injuries, was subject to the requirements of the TMMA. *Id.* at 559. In contrast, allegations that the defendant's employees failed to comply with the care plan's instructions due to a lack of training, understaffing or other causes, constituted claims of ordinary common law negligence. *French*, 333 S.W.3d at 556.

Plaintiff claims that Defendant's employees failed to act in accordance with the then-recognized standard of acceptable professional practice for the profession as it existed in Murfreesboro, Tennessee at the time of his colonoscopy.

The TMMA applies to those alleged acts that bear a substantial relationship to the rendition of medical treatment by a medical professional or concern medical art or science, training, or expertise. *French*, 333 S.W.3d at 557. The misdeeds alleged in this case occurred in a medical facility and are substantially related to a medical procedure by a medical professional, a colonoscopy. The conduct complained of cannot be assessed on the basis of common everyday experience.

The Court finds that Plaintiff's claims for negligence, *res ipsa loquitur* and lack of informed consent all fall within the TMMA. These claims bear a substantial relationship to the rendition of medical treatment by a medical professional. Therefore, the Court must determine whether Plaintiff has complied with the requirements of the TMMA.

It is undisputed that Plaintiff did not file a certificate of good faith as required by the TMMA. Plaintiff asserts that the certificate of good faith requirement does not apply to this action because no expert proof is required for his claim.[2] Plaintiff contends that no expert opinion is reasonable or necessary to determine the cause of his injury.

The issue is whether Plaintiff would need expert testimony to establish his medical malpractice claim. The Court finds that he would. The TMMA provides that a medical malpractice

---

[2] Plaintiff also argues that the "extraordinary cause" exception applies to his claim as well, since Defendant has not released the records identifying who was exposed, by whom and when. The Court finds no extraordinary circumstances on this record to excuse the certificate of good faith requirement.

claimant has the burden of proving the recognized standard of acceptable professional practice in the profession, that the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard, and that the defendant's act or omission was the proximate cause of injuries to the plaintiff. Tenn. Code Ann. § 29-26-115(a).

In medical malpractice cases, the negligence of the defendant physician usually must be proved by expert testimony. *Chambliss v. Stohler*, 124 S.W.2d 116, 119 (Tenn. Ct. App. 2003). Such testimony must rest upon the expert's personal knowledge in an area in which he is competent to testify. *Id*. Establishing the professional standard of care requires expert testimony. *Richardson v. Miller*, 44 S.W.3d 1, 15-16 (Tenn. Ct. App. 2000).

Plaintiff argues that expert testimony is not needed because a jury could infer negligence under these circumstances, and he argues a *res ipsa locquitur* claim. Courts have adopted a restricted view of *res ipsa locquitur* claims in medical malpractice cases. *Seavers v. Methodist Medical Center of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999). Claimants have been permitted to use *res ipsa locquitur* only in those cases where the proof is such that the jury can reasonably infer from common knowledge and experience that the defendant was negligent. *Id.*[3]

In this case, Defendant acknowledges that Plaintiff *potentially* was exposed to waste, blood or bodily fluids of another. Plaintiff will have to prove that he actually w*as* so exposed and that such exposure proximately caused his hepatitis. These facts cannot be inferred or presumed, and this subject matter involves complicated and technical or scientific information which is beyond the general knowledge of a lay jury.

---

[3] Cases fitting into this common knowledge exception typically involve unusual injuries such as a sponge or needle being left in the patient's abdomen following surgery or where the patient's eye is cut during the performance of an appendectomy. *Seavers*, 9 S.W.3d at 92.

For these reasons, the Court finds that Plaintiff's medical malpractice claims require expert testimony under the TMMA. Therefore, these malpractice claims should be dismissed for failure to file the required certificate of good faith. Tenn. Code Ann. § 29-26-122. Having made this ruling, the Court need not address Defendant's alternative statute of repose argument.

Plaintiff also asserts that Defendant's negligent transmission of the form letter advising of his potential exposure caused him emotional distress and trauma. This claim does not fall into the medical malpractice category. Defendant contends that it is entitled to the protection of the "discretionary function exception" of the FTCA with regard to this claim.

The discretionary function exception provides that the United States does not waive its sovereign immunity for claims based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of an employee of the government, whether or not the discretion involved is abused. 28 U.S.C. § 2680(a). The exception covers only acts that are discretionary in nature, acts that involve an element of judgment or choice. *United States v. Gaubert*, 111 S.Ct. 1267,1273 (1991). It is the nature of the conduct, rather than the status of the action that governs whether the exception applies. *Id*.

The Supreme Court established a two-part test for deciding whether the discretionary function exception applies. The first part of the test requires a determination of whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice. *Edwards v. Tenn. Valley Authority*, 255 F.3d 318, 322 (6th Cir. 2001). If the government has such a mandatory policy, the discretionary exception does not apply because there was no element of judgment or choice in the complained-of conduct. *Id*. at 322-23.

On the other hand, if there is no mandatory policy, the Court must determine whether the challenged conduct is of the kind that the discretionary function exception was designed to shield. *Edwards*, 255 F.3d at 323. The three types of decisions that are generally shielded from tort liability by the discretionary function exception are (1) the proper response to hazards, (2) whether and how to make federal lands safe for visitors, and (3) whether to warn of potential danger. *Id*. at 324.

Here, Plaintiff has not identified any mandatory policy which required Defendant to send or not to send the allegedly offending form letter. Plaintiff has not cited the Court to any regulations or policies that prescribed a nondiscretionary duty to warn of such potential exposure, not to warn of such potential exposure, or to warn of it in some specific manner.

With no mandatory policy at issue, the Court turns to the issue of whether the alleged misconduct was the kind of conduct which the discretionary function exception was designed to shield. The decision to send the letter falls within the first and third types of decisions listed above: the proper response to hazards and whether to warn of potential danger. The Court finds that the decision to warn patients of the potential risk in this case and also the decisions as to which patients to warn were decisions fraught with public policy considerations which required the balancing of numerous factors. If the governmental decision at issue is grounded in social, economic and political considerations, then it is the type of policy decision that Congress intended the discretionary function exception to protect. *Sumner v. United States,* 794 F.Supp.1358, 1365 (M.D. Tenn. 1992).

The Court finds that the decision to send the warning letter in this case is the type of decision Congress intended the discretionary function to protect. Because Defendant has been given

immunity for this kind of discretionary function, Plaintiff's claim for negligent infliction of emotional distress should be dismissed.

## CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (Docket No. 25) is GRANTED, and Plaintiff's Second Amended Complaint is DISMISSED.

IT IS SO ORDERED.

*[signature: Todd Campbell]*

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE